IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:12 CR 20-4

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| THOMAS E. DURHAM, JR. | ) | |
| | ) | |
| _____ | ) | |

**THIS MATTER** has come before the undersigned pursuant to a Motion For Rule 17 Subpoenas *Duces Tecum* (#157) filed by Christopher C. Fialko, attorney for Defendant Durham. In the motion, Defendant requests that the Court issue an order pursuant to Rule 17(c)(1) and 17(c)(3) of the Federal Rules of Criminal Procedure directing the production of subpoenaed information. The government responded to the motion in the "Government's Response to Defendant's Rule 17 Motion" (#169). At the call of this matter on for hearing it appeared that Mr. Fialko was presenting Defendant Durham and Assistant United States Attorney Don Gast was present on behalf of the government. From the motion, the records in this cause and the arguments of counsel in this matter, the Court makes the following findings:

**Findings.** The Defendant is charged in a bill of indictment issued in this matter with conspiracy to misapply bank funds. The alleged victim in this matter

1

is Pisgah Community Bank which is a bank owned by the holding company Capitol BanCorp, Ltd. which is based in Lansing, Michigan. Defendant Durham, at one time, was president of Pisgah Community Bank in Asheville, North Carolina. As a part of the preparation for the trial of this matter, Defendant Durham requests that three subpoenas be issued in this matter directing the production of documents. The Defendant first requests that a subpoena be issued to SunTrust Bank Commercial Lending Group of 820 Executive Park, Asheville, North Carolina directing SunTrust Bank to produce all records concerning a loan issued to Tony Riels or JARCO Development in relation to property located at 5 Summer Breeze Drive, Fletcher, Buncombe County, North Carolina. In the motion, Defendant Durham requests that the following documents be produced in regard to the above described financial transaction: loan applications; appraisals; internal bank communications and underwriting; memorandums to the file; HUD-1 settlement statements; and communication between the bank or any employee of the bank, particularly Ms. Laura Gourlay with Riels or JARCO Development. The government has no objection to the issuance of the subpoena provided that a protective order be entered as follows:

> IT IS FURTHER ORDERED that any materials produced in response to this subpoena will be accorded the same protections as provided in the discovery agreement between the United States and Durham and paragraph 21 of the Court's Standard Criminal Discovery Order. The

> United States may further disclose such materials as it receives to the other defendants in this case or related case subject to the same protections.

Defendant Durham further requests that the Court authorize the issuance of subpoenas directed to Capital BanCorp, Ltd. and to Susan T. McMinn of Dixon Hughes Goodman, LLP who is a forensic records custodian for Capital BanCorp, Ltd. directing that those parties produce all emails of Capital BanCorp, Ltd. or Pisgah Community Bank sent or received by certain employees of Pisgah Community Bank, that being Thomas E. "Ted" Durham, David Smith, Craig Gourlay and Laura Goulay. It has been represented to the Court that Capital BanCorp, Ltd. would be considered to be a "victim" as described in Rule 17(c)(3).

In the final subpoena requested by Defendant Durham, Durham requests that Capital BanCorp, Ltd. produce all documents concerning any insurance or bond claim made by Capital BanCorp, Ltd., Pisgah Community Bank, or Community Bank of Rowan based all or in part upon loans involving the Seven Falls Development or any loans related to the developer Keith Vinson. The government has no objection to the issuance of such a subpoena provided that copies of these documents be produced to the government and the documents be produced pursuant to the terms of the protective order previously referenced herein.

**Discussion.** Rule 17(c) of the Federal Rules of Criminal Procedure provides

as follows:

> **(c) Producing Documents and Objects.**
>
> **(1) In General.** A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them
>
> **(2) Quashing or Modifying the Subpoena.** On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive.
>
> **(3) Subpoena for Personal or Confidential Information About a Victim.** After a complaint, indictment, or information is filed, a subpoena requiring the production of personal or confidential information about a victim may be served on a third party only by court order. Before entering the order and unless there are exceptional circumstances, the court must require giving notice to the victim so that the victim can move to quash or modify the subpoena or otherwise object.

In regard to the documents that Defendant requests that SunTrust Bank produce, the Court finds that SunTrust Bank is not a victim in this matter. The undersigned will allow Defendant's motion and direct that counsel for Defendant issue and prepare a subpoena *duces tecum* directed to SunTrust Bank Commercial Lending Group directing that entity to provide all records concerning loans issued to Tony Riels or JARCO Development in relation to the property located at 5 Summer Breeze Drive, Fletcher, Buncombe County, North Carolina 28732.

SunTrust Bank shall provide two copies of the documents with one copy to be produced to Defendant's attorney at 225 E. Worthington, Avenue, Ste. 200, Charlotte, North Carolina and another copy provided to Don Gast, Assistant United States Attorney, 100 Otis Street, Ste. 233, Asheville, North Carolina. Upon receipt of the subpoena, SunTrust Bank Commercial Lending Group, Tony Riels or JARCO Development may file a motion to quash or modify the subpoena as provided by Rule 17(c)(2).

In regard to the subpoena directing Capital Bancorp, Ltd. Forensic Records Custodian Susan T. McMinn, Dixon Hughes Goodman, LLP to produce all emails of Capital Bancorp, Ltd and Pisgah Community Bank computer servers sent or received by the following employees of Pisgah Community Bank, Thomas E. Durham, David Smith, Craig Gurlay and Laura Gurlay, such motion will be allowed. Since Pisgah Community Bank and Capital Bancorp, Ltd. is considered by this Court to be a victim, before the issuance of the subpoena, the undersigned will require that notice be given to Capital Bancorp, Ltd. of this Order and Capital Bancorp, Ltd. will have up to and including June 6, 2013 to move to quash or modify the subpoena or otherwise object. If no objection is filed, then Defendant may issue the subpoena and the documents shall be produced to Christopher C. Fialko, Defendant's attorney at 225 E. Worthington, Avenue, Ste. 200, Charlotte,

North Carolina and another copy provided to Don Gast, Assistant United States Attorney, 100 Otis Street, Ste. 233, Asheville, North Carolina.

In regard to the subpoena for the records concerning insurance or bond claims made by Capital Bancorp, Ltd., Pisgah Community Bank or Community Bank of Rowan, based all or in part upon loans involving the Seven Falls Development or any loans related to the developer Keith Vinson, such motion will be allowed. The undersigned finds that Capital Bancorp, Ltd. and Pisgah Community Bank would be considered to be a victim and therefore the service of the subpoena the Court will require that a copy of the proposed subpoena, along with a copy of this Order be served upon Capital Bancorp, Ltd. and Pisgah Community Bank. Capital Bancorp. Ltd. and Pisgah Community Bank will be given up to and including June 6, 2013 to move to quash or modify the subpoena or otherwise object. If no objection is filed, then Defendant's counsel will be allowed to issue the subpoena. The subpoena shall be subject to the protective order and shall further provide that copies of all documents shall be produced to Christopher C. Fialko, Defendant's attorney at 225 E. Worthington, Avenue, Ste. 200, Charlotte, North Carolina and another copy provided to Don Gast, Assistant United States Attorney, 100 Otis Street, Ste. 233, Asheville, North Carolina.

**ORDER**

**IT IS, THEREFORE**, **ORDERED** that the Motion For Rule 17 Subpoenas *Duces Tecum* (#157) is hereby **ALLOWED** in part and **DENIED** in part and it is **ORDERED** that:

(1)   In regard to the documents that Defendant requests that SunTrust Bank produce, the Court finds that SunTrust Bank is not a victim in this matter. The undersigned will allow Defendant's motion and direct that counsel for Defendant issue and prepare a subpoena *duces tecum* directed to SunTrust Bank Commercial Lending Group directing that entity to provide all records concerning loans issued to Tony Riels or JARCO Development in relation to the property located at 5 Summer Breeze Drive, Fletcher, Buncombe County, North Carolina 28732.  SunTrust Bank shall provide two copies of the documents with one copy to be produced to Defendant's attorney at 225 E. Worthington, Avenue, Ste. 200, Charlotte, North Carolina and another copy provided to Don Gast, Assistant United States Attorney, 100 Otis Street, Ste. 233, Asheville, North Carolina.  Upon receipt of the subpoena, SunTrust Bank Commercial Lending Group, Tony Riels or JARCO Development may file a motion to quash or modify the subpoena as provided by Rule 17(c)(2);

(2)   In regard to the subpoena directing Capital Bancorp, Ltd. Forensic

Records Custodian Susan T. McMinn, Dixon Hughes Goodman, LLP to produce all emails of Capital Bancorp, Ltd and Pisgah Community Bank computer servers sent or received by the following employees of Pisgah Community Bank, Thomas E. Durham, David Smith, Craig Gurlay and Laura Gurlay, such motion will be allowed. Since Pisgah Community Bank and Capital Bancorp, Ltd. is considered by this Court to be a victim, before the issuance of the subpoena, the undersigned will require that notice be given to Capital Bancorp, Ltd. of this Order and Capital Bancorp, Ltd. will have up to and including June 6, 2013 to move to quash or modify the subpoena or otherwise object. If no objection is filed, then Defendant may issue the subpoena and the documents shall be produced to Christopher C. Fialko, Defendant's attorney at 225 E. Worthington, Avenue, Ste. 200, Charlotte, North Carolina and another copy provided to Don Gast, Assistant United States Attorney, 100 Otis Street, Ste. 233, Asheville, North Carolina;

(3) In regard to the subpoena for the records concerning insurance or bond claims made by Capital Bancorp, Ltd., Pisgah Community Bank or Community Bank of Rowan, based all or in part upon loans involving the Seven Falls Development or any loans related to the developer Keith Vinson, such motion will be allowed. The undersigned finds that Capital Bancorp, Ltd. and Pisgah Community Bank would be considered to be a victim and therefore the service of

the subpoena the Court will require that a copy of the proposed subpoena, along with a copy of this Order be served upon Capital Bancorp, Ltd. and Pisgah Community Bank. Capital Bancorp. Ltd. and Pisgah Community Bank will be given up to and including June 6, 2013 to move to quash or modify the subpoena or otherwise object. If no objection is filed, then Defendant's counsel will be allowed to issue the subpoena. The subpoena shall be subject to the protective order and shall further provide that copies of all documents shall be produced to Christopher C. Fialko, Defendant's attorney at 225 E. Worthington, Avenue, Ste. 200, Charlotte, North Carolina and another copy provided to Don Gast, Assistant United States Attorney, 100 Otis Street, Ste. 233, Asheville, North Carolina.

**IT IS FURTHER ORDERED** that the documents provided by each subpoena shall be subject to the following protective order:

It is further **ORDERED** that any materials produced in response to any of the subpoenas ordered herein will be accorded the same protections as provided in the discovery agreement between the United States and Durham in Paragraph 21 of the Court's Standard Discovery Order. The United States may further disclose such materials as it received to other Defendants in this case or related case subject to the same protections.

Signed: May 29, 2013



Dennis L. Howell
United States Magistrate Judge