UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br><br>vs.<br><br>(4) THOMAS E. DURHAM,<br>(6) GEORGE M. GABLER,<br>Defendants. | ) | DOCKET NO. 1:12CR20<br><br>GOVERNMENT RESPONSE TO DEFENDANTS' MOTION FOR DISCLOSURE OF FAVORABLE OR IMPEACHING MATERIAL |

NOW COMES the United States of America, by and through Anne M. Tompkins, United States Attorney for the Western District of North Carolina, in response to the Defendants' Motion for Disclosure of Favorable or Impeaching Material filed on August 7, 2013 (Doc. #192).[1] The Government offers the following:

**1. Defendants are not Entitled to FBI SA Stuart Kelley's Grand Jury Testimony or the Reasons Concerning His Re-assignment**

FBI Special Agent Stuart Kelley (SA Kelley) at one time was one of the agents assigned to the investigation of this case. On May 1, 2012 he was

[1]Defendant Durham filed the original motion; co-defendant Gabler moved to join this motion on August 12, 2013 (Doc. #197). The Government will refer to the two collectively as "the Defendants" unless differentiation is required.

transferred from the Asheville office to a different squad in the Charlotte office of the FBI and all of his cases, including the instant case, were re-assigned on May 9, 2012 to other FBI agents. See Letter from FBI ASAC James E. Jewell, dated Aug. 15, 2013, attached hereto as Exhibit A. In that SA Kelley has not been involved with the case for over 15 months, the Government does not intend to call him as a witness at trial. The Government likewise does not intend to seek admission of any memoranda of interviews authored by SA Kelley because the subject witnesses will be called to testify. Although SA Kelley participated in an interview of defendant Durham on July 26, 2011 that resulted in a fulsome confession to the conduct set forth in the Superseding Bill of Indictment, then-FDIC Investigations Specialist Lauren Hood was the lead interviewer (who prepared her own memorandum of interview that has been disclosed) and will be called to testify about Durham's admissions.

Defendants seek advance production of SA Kelley's Grand Jury testimony. SA Kelley testified before the Grand Jury as a summary witness on or about April 4, 2012 when the original indictment in this case was presented to the Grand Jury. The original indictment has since been superseded with different counts and

different defendants.[2] SA Kelley had been reassigned before the superseding indictment and another agent provided a summary of the investigation conducted as of that date.

SA Kelley did not have personal knowledge of any of the transactions alleged in the original indictment. All of the documents and memoranda of interviews supporting the original indictment have been provided to the defense in expanded file discovery. Moreover, a review of the transcript from SA Kelly's Grand Jury testimony revealed no exculpatory or mitigating information. In addition, the Government made an early production of the Grand Jury testimony of all fact witnesses as a courtesy to facilitate plea negotiations and, if necessary, trial preparation.

The Government is not required to produce all Grand Jury testimony pre-trial. The Jencks Act states:

> [N]o statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case.

[2]Although defendant Durham was included in the initial Indictment, defendant Gabler was not named until the Superseding Indictment.

18 U.S.C. § 3500(a). Rule 26.2(a) of the Federal Rules of Criminal Procedure similarly provides that upon a motion by the defendant the Court must order the government to produce a witness statement, but only after that witness has testified on direct examination. In that SA Kelley will not be testifying at trial, the Defendant is not entitled to his Grand Jury testimony, so this request should be denied.

Defendants also request information explaining why the investigation was re-assigned from SA Kelley. The Defendant does not provide a legal basis for his request, but the Government presumes that the Defendant hopes to discover information that may impeach Kelley's credibility. *Giglio v. United States*, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972) (holding that prosecution's duty to present all material evidence to the jury was not fulfilled when it became known the government failed to disclose an alleged promise of leniency made to its key witness in return for his testimony). However, in that SA Kelley will not be testifying as a Government witness, the Government is under no obligation to seek out and disclose possible impeachment material. The FBI has stated that the reasons for SA Kelley's re-assignment were "not due to any actions related to the Seven Falls/Vinson investigation." Therefore, the reasons for SA Kelley's

reassignment are irrelevant to any matter at trial unless he testifies and it tends to impeach his credibility.[3] This request therefore should be denied.

### 2. The Defendant is Not Entitled to Communications Between the Government and Attorneys for Other Defendants

Defendants request, "[i]nformation concerning whether the government requested that attorney Ron True withdraw from representing Nicholas Dimitris in case number 1:11CR93-1, and if such request was made, then when it was made and why." Def. Motion, p. 2. Defendants fails to explain the relevance of any communications between the Government and attorneys representing other parties related to the case.

Mr. True filed a motion to withdraw from the representation of Nicholas Dimitris on Feburary 26, 2013 (1:11CR93, Doc. #21), but Mr. True died before the hearing on the motion. Subsequently the Government obtained Mr. True's records of real estate closings involving Dimitris and/or related entities and has produced them in discovery. The Government also disclosed an FBI-302 report of interview of Mr. True conducted on February 25, 2013.

---

[3]Counsel for the FBI has reviewed SA Kelley's personnel file and has confirmed that SA Kelley was not reassigned because of his actions in this case and that it contains no reference to defendants Durham or Gabler. The file does contain personal information that is not relevant to any issue in this case. If requested, the FBI will provide information from SA Kelley' personnel file to the Court for its *ex parte, in camera* review.

Any conversation between the Government and Mr. True regarding his representation of Dimitris would not be relevant to the trial of these Defendants. If there is information within the closing files and/or the interview that might impeach Dimitris, it has been disclosed with the records. The Government should not also be required to disclose communications with another attorney relating to the representation of another client.

### 3. Defendants Are Not Entitled to Information Contained in or Relating to Pre-Sentence Reports

Defendants request disclosure of "[a]ny statements, including in sentencing memorandum or objections to presentence reports, by any defendant in related cases or any potential government witness that could be used by the defense to impeach these witnesses, or other witnesses when cross-examined at trial," and, "[a]ny information found in the presentence reports of any defendant in related cases or any potential government witness that could be used by the defense to impeach these witnesses or other witnesses when cross-examined at trial." Def. Motion, p. 4. This request (in addition to being over-broad) is not in compliance with LCrR 32.3, which reads in pertinent part, "No confidential records of this Court maintained by the probation office, including but not limited to the sentencing recommendation, shall be sought by an applicant except by written

petition to this Court establishing with particularity the need for specific information in the records." Defendants' request is neither particular nor specific, and it greatly exceeds the scope of Fed. R. Ev. 609. The Jencks Act and Fed. R. Crim. P. 26.2 require the Government to disclose prior statements of witnesses after they testify, including those that might be found in pre-sentence reports, and the Government intends to comply. However, these provisions do not require the Government to disclose the statements of the witnesses' attorneys, specific instances of conduct, or other personal information contained in a pre-sentence report.

The Government does not object if the Court chooses to review these pre-sentence reports *in camera* to determine if select portions should be disclosed to the Defendants, but objects to the disclosure of complete reports and to objections and/or memoranda authored by the witnesses' attorneys and not their clients.

**4. Defendants Remaining Requests Should Be Denied as Moot**

Defendants makes numerous other requests, all of which are covered by Fed. R. Crim. P. 16 or the Standard Discovery Order. The Government maintains an expanded file discovery policy and has disclosed all documents in its

possession in a searchable format and continues to do so as additional discovery is located or created. As such the remainder of the motion should be denied as moot.

RESPECTFULLY SUBMITTED, this the 16th day of August, 2013.

ANNE M. TOMPKINS
UNITED STATES ATTORNEY

//s// Don Gast
DON GAST
ASSISTANT UNITED STATES ATTORNEY
N.C. Bar Number: 23801
100 Otis Street, Suite 233
Asheville, NC 28801
Telephone: (828) 271-4661
Facsimile: (828) 271-4670
Don.Gast@usdoj.gov

Michael E. Savage
Assistant United States Attorney
N.C. Bar Number 33159
227 West Trade Street, Suite 1650
Charlotte, North Carolina 28211
704/338-3166 (Direct Line)
704/227-0197 (Fax)
mike.savage2@usdoj.gov

## CERTIFICATE OF SERVICE

The foregoing document was filed electronically via ECF and was served on counsel for the Defendant via ECF. The email address for defense counsel is listed in ECF as follows:

| | |
|---|---|
| Chris Fialko | cfialko@rwf-law.com |
| Claire Rauscher | crauscher@wcsr.com |

This the 16th day of August, 2013.

ANNE M. TOMPKINS
UNITED STATES ATTORNEY

/s Don Gast

DON GAST
ASSISTANT UNITED STATES ATTORNEY
N.C. Bar Number: 23801
100 Otis Street, Suite 233
Asheville, NC 28801
Telephone: (828) 271-4661
Facsimile: (828) 271-4670
Don.Gast@usdoj.gov