# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:12-cr-00020-MR-DLH

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| ) | |
| (4) THOMAS E. "TED" DURHAM, JR.; and ) | |
| (6) GEORGE M. GABLER, ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on the Defendant Thomas E. Durham, Jr.'s Motion for Disclosure of Favorable or Impeaching Material [Doc. 192]. Defendant George M. Gabler moves to adopt Defendant Durham's motion [Doc. 197].

The Defendants make the following specific requests for production of discovery, favorable material or impeaching material:

**1. FBI SA Stuart Kelley's Grand Jury Testimony and the Reasons Concerning His Re-Assignment**

FBI Special Agent Stuart Kelley (SA Kelley) at one time was one of the agents assigned to the investigation of this case. On May 1, 2012 he was transferred from the Asheville office to a different squad in the

Charlotte FBI office and all of his cases, including the present case, were re-assigned on May 9, 2012 to other FBI agents. [Doc. 199-1, Letter from FBI ASAC James E. Jewell, dated Aug. 15, 2013]. Because SA Kelley has not been involved with the case for over 15 months, the Government has indicated that it does not intend to call him as a witness at trial. [See Doc. 199 at 2]. Likewise, the Government has indicated that it does not intend to seek admission of any memoranda of interviews authored by SA Kelley because the subject witnesses will be called to testify. While SA Kelley participated in an interview of Defendant Durham on July 26, 2011, another investigator, FDIC Investigations Specialist Lauren Hood, was the lead interviewer. The Government indicates that Hood has prepared her own memorandum of that interview, which has been disclosed to the Defendants, and that she will be called to testify about Durham's statements during that interview.

Defendants seek advance production of SA Kelley's grand jury testimony. SA Kelley testified before the grand jury as a summary witness on or about April 4, 2012 when the original Bill of Indictment in this case was presented to the grand jury. The original Indictment has since been superseded with different counts and different defendants. SA Kelley was

reassigned before the superseding Bill of Indictment and therefore another agent provided a summary of the investigation to the grand jury.

The Government maintains that SA Kelley did not have personal knowledge of any of the transactions alleged in the original Indictment, and that all of the documents and memoranda of interviews supporting the original Indictment have been provided to the defense in expanded file discovery.[1]  Moreover, counsel for the Government has reviewed the transcript from SA Kelly's grand jury testimony and avers that it does not reveal any exculpatory or mitigating information.

The Jencks Act provides, in pertinent part, as follows:

> [N]o statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case.

18 U.S.C. § 3500(a).  Similarly, Rule 26.2(a) of the Federal Rules of Criminal Procedure provides that the Court must order the Government to produce a witness statement upon a defendant's motion, but only after that witness has testified on direct examination.  As the Government has

---

[1] Additionally, the Government asserts that it has already produced the grand jury testimony of all fact witnesses as a courtesy to the Defendants.

represented that SA Kelley will not be testifying at trial, the Defendants are not entitled to disclosure of his grand jury testimony.

The Defendants also request information explaining why the investigation was re-assigned from SA Kelley. The Defendants do not provide a legal basis for this request. Even assuming, however, that such information is being sought for the purpose of impeaching SA Kelley's credibility, the Government does not have any obligation to seek out and disclose possible impeachment material, as the Government will not be calling SA Kelley as a witness at trial. See Giglio v. United States, 405 U.S. 150 (1972). In any event, the FBI has confirmed that the reasons for SA Kelley's re-assignment were "not due to any actions related to the Seven Falls/Vinson investigation." [Doc. 199-1]. Therefore, the reasons for SA Kelley's reassignment are irrelevant to any matter at trial unless he testifies and it is demonstrated that the reasons for his re-assignment tend to impeach his credibility. This request, therefore, is denied.

### 2. Communications Between the Government and Attorneys for Other Defendants

The Defendants also request "[i]nformation concerning whether the government requested that attorney Ron True withdraw from representing Nicholas Dimitris in case number 1:11CR93-1, and if such request was

4

made, then when it was made and why." [Doc. 192 at 2]. The Defendants fail to explain the relevance of any communications between the Government and attorneys representing other parties related to the case. Mr. True filed a motion to withdraw from the representation of Nicholas Dimitris on Feburary 26, 2013 [Criminal Case No. 1:11-cr-00093, Doc. 21], but Mr. True died before the motion could be heard. The Government subsequently obtained Mr. True's records of real estate closings involving Dimitris and/or related entities and produced them in discovery. The Government also disclosed an FBI-302 report of interview of Mr. True conducted on February 25, 2013. Thus, if there is information within the closing files and/or the interview that might impeach Dimitris as a witness, it has been disclosed with these records. The Defendants' request for further production regarding the Government's communications with Mr. True is unwarranted.

### 3. Information Contained in or Relating to Presentence Reports

The Defendants request disclosure of "[a]ny statements, including in sentencing memorandum or objections to presentence reports, by any defendant in related cases or any potential government witness that could be used by the defense to impeach these witnesses, or other witnesses

when cross-examined at trial," and "[a]ny information found in the presence reports of any defendant in related cases or any potential government witness that could be used by the defense to impeach these witnesses or other witnesses when cross-examined at trial." [Doc. 192 at 4]. The Defendants fail to establish with particularity their need for these materials, as required by LCrR 32.3 ("No confidential records of this Court maintained by the probation office, including but not limited to the sentencing recommendation, shall be sought by an applicant except by written petition to this Court establishing with particularity the need for specific information in the records.").

The Jencks Act and Rule 26.2 of the Federal Rules of Criminal Procedure require the Government to disclose prior statements of witnesses after they testify, including those that might be found in presence reports, and the Government indicates that it intends to comply with this requirement. These provisions, however, do not require the Government to disclose the statements of the witnesses' attorneys, specific instances of conduct, or other personal information contained in a presence report. The Defendants' request, therefore, is denied.

### 4. Defendants' Remaining Requests

The Defendants make numerous other requests, all of which are covered by Rule 16 of the Federal Rules of Criminal Procedure and/or the Standard Discovery Order. The Government maintains an expanded file discovery policy and represents that it has disclosed all documents in its possession in a searchable format and will continue to do so as additional discovery is located or created. For these reasons, the remainder of the Defendants' motion is denied as moot.

**IT IS, THEREFORE, ORDERED** that Defendant George M. Gabler's Motion to Adopt Co-Defendant Durham's Motion for Disclosure of Favorable or Impeaching Material [Doc. 197] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Motion for Disclosure of Favorable or Impeaching Material [Doc. 192] is **DENIED**.

**IT IS SO ORDERED.** Signed: August 22, 2013

Martin Reidinger
United States District Judge