IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Case No. 1:12-cr-00020-MR-DLH |
| | ) | |
| THOMAS E. DURHAM, JR. | ) | |

## STIPULATED PROTECTIVE ORDER

WHEREAS, documents and information have been sought from non-party Federal Deposit Insurance Corporation ("FDIC") as Receiver ("FDIC-R") for failed financial institution Pisgah Community Bank (the "Bank"), and the documents and information are confidential and the release of which may be either restricted and/or discretionary under FDIC Rules and Regulations, including but not limited to 12 C.F.R. § 309 (2012), the Right to Financial Privacy Act (12 U.S.C. § 3401, *et seq.*), the Privacy Act of 1974 (5 U.S.C. § 552a, *et seq.*), 12 C.F.R. § 310, and the Information Privacy Provisions of the Gramm-Leach-Bliley Act (15 U.S.C. § 6801, *et seq.*).

WHEREAS, Defendant Thomas E. Durham, Jr. has served a Subpoena Duces Tecum to the Bank, pursuant to the Court's May 29, 2013 Order (Doc. No. 186) seeking documents and information from the FDIC-R that contains sensitive personal, financial, or professional information of non-parties (the "Subpoena");

WHEREAS, this matter having come before the Court via stipulation of the FDIC-R and all Parties, and the Court having been fully advised, the Court finds good cause exists for this Stipulated Protective Order ("Protective Order").

IT IS HEREBY ORDERED as follows:

1. "Protected Material" means any information to be produced by the FDIC-R in response to the Subpoena with an "FDIC Confidential" Bates label prefix, which includes but is not limited to information that contains non-public information regarding any customer of the Bank, including but not limited to any customer's Social Security number, credit history, account or loan amounts or balances, account number, personally identifiable information or other personal financial information.

2. The use and dissemination of Protected Material shall be limited as follows:

    a. All Protected Material produced or exchanged in response to the Subpoena shall be treated as confidential and shall be used solely for the purpose of the litigation and for no other purpose. No Protected Material shall be revealed, disclosed, or made available for inspection and copying to any person who is not permitted to see it pursuant to the terms of this Protective Order without express written consent of the FDIC-R.

    b. Except as specifically provided for in this or subsequent Orders of the Court, Protected Materials or their contents shall not be revealed, disclosed or otherwise made known to any persons other than the following:

        (1) Counsel of record in this action, including counsel of co-defendants;

        (2) Employees of such counsel and outside vendors who are necessary to assist such counsel in the preparation and trial of this litigation;

        (3) Persons whom counsel of record for the Parties believes will be called to give testimony at deposition or at trial on matters relating to Protected Material;

(4) Experts retained by counsel;

(5) The Parties in this action;

(6) The Court;

(7) Court reporters employed in connection with this litigation; and

(8) Any other person with the consent, in writing, of the FDIC-R.

3. Every person given access to Protected Material shall be advised that the information is being disclosed pursuant to and subject to the terms of this Protective Order, and may not be disclosed other than pursuant to the terms thereof. Any such person shall execute an agreement to be fully bound by this Protective Order in the form of Exhibit A, attached hereto.

4. The FDIC-R is excepted from the Right to Financial Privacy Act and the Privacy Act of 1974 requirements by reason of this Protective Order, 12 U.S.C. § 3413(d), 5 U.S.C. § 552a(b)(11), and 12 C.F.R. § 310.10(b)(11) (2012), and the FDIC is authorized to release the documents requested in response to the Subpoena.

5. Absent written permission from the FDIC-R or on further Order of the Court, this Protective Order shall continue to be binding throughout and after the conclusion of this litigation, including any appeals and subsequent proceedings in the District Court.

6. Any person granted access under this Protective Order to any of the Protected Material who uses such Protected Material for any purpose other than the preparation, trial, or appeal of this litigation, or otherwise violates the terms or conditions of this Protective Order shall be subject to sanctioning by the Court.

7. The terms and conditions of this Protective Order shall apply to any subsequent or supplemental process that may be issued and served on the FDIC-R in connection with

this litigation; however this Protective Order does not limit or restrain the official use of the Protected Material by the FDIC in any capacity.

8. Disclosure of the Protected Material under the terms and conditions of this Protective Order shall not constitute a waiver of any privileges or confidentiality by the FDIC in any capacity with respect to such Protected Material.

9. Within ninety (90) days after the final conclusion of this litigation, including appeals or other resolution, any documents or other materials containing the Protected Material shall be destroyed, and each recipient of the Protected Material shall send written certification to FDIC-R to the attention of Kevin Kinnan at 1601 Bryan Street, Dallas, Texas 75201, that all Protected Material in his or her possession has been destroyed.

10. All of these conditions are in addition to the Court's previous Order that all materials produced in response to any of the subpoenas will be accorded the same protections as provided in the discovery agreement between the United States and the defendants in Paragraph 21 of the Court's Standard Discovery Order.

IT IS SO ORDERED

Signed: September 17, 2013

Dennis L. Howell
United States Magistrate Judge